## AB BERKLEY v. STATE.

No. A-6303. Opinion Filed June 18, 1928.
(269 Pac. 383.)

Rummons & Hughes, for appellant.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J.   Appellant, Ab Berkley, was tried and convicted on an information charging that in Kiowa county on the 19th day of January, 1926, he did unlawfully have in his possession a distillery, used for the manufacture of whisky, and in accordance with the verdict of the jury was sentenced to pay a fine of $500 and to be confined in the county jail for 90 days. To reverse the judgment he appeals.

Neither in the petition in error nor the brief filed is any complaint made of the information, the instruc-

tions, or any ruling of the trial court in the admission or rejection of evidence.

The sole ground urged for reversal is that the verdict is not sustained by sufficient evidence.

The state relied for this conviction upon the testimony of two deputy sheriffs, Jack Ball and Sam Standerfer. Their testimony, in substance, was to the effect that on the 19th day of January, they went down about 24 miles southwest of Hobart and found a still in operation and ten gallons of whisky; that the mash was boiling, although the oil burner had been shut off. The still was in a willow thicket, about 50 yards from the Kiowa county side of the river.

The witness Ball testified:

"I saw Ab Berkley walking across the river just a little way from the still, another man was with him: they were about 150 yards from us the time; we started after them; Berkley stopped. Standerfer took charge of him; I went on and chased the other fellow for a little ways, then came back and traced the tracks fresh in the sand back to the still. The defendant Berkley walks with a cane, throws his foot out as he walks; we noticed the cane tracks, and the defendant's peculiar shoe track. I compared the tracks where he walked with the tracks we found and they were the same."

The witness Standerfer testified:

"When we got to Mrs. Hoover's place I got out of the car; we heard four shots fired to the north and east of us; Mr. Ball started northwest; I got in the car and drove about a quarter west and a quarter north, stopped and walked a short distance, and came upon the still in a willow thicket; I saw the defendant with another man with him cross the river and we waded over there and brought him back and saw the imprints of his walking cane in the sand where he

and the other man came out of the water going that way, and we found these tracks, which were fresh, back to this still. The defendant's clothes were wet when we arrested him; he said he did not know anything about the still, and he said that he did not know the fellow that was with him."

The still was introduced in evidence.

At the close of the evidence for the state there was a motion by the defendant for a directed verdict of not guilty on the ground that the evidence was insufficient to sustain a conviction, which was overruled.

The testimony of the defendant as a witness in his own behalf was, in substance, to the effect that he lived a mile and a quarter east of where the still was found; that he rode over there that forenoon behind a fellow, on a horse, that was looking for a cow; that he rode across the river with U. M. Reed and was waiting for the fellow that was looking for his cow when the officers appeared; that the place they' crossed was down the river about a mile from where the still was; that his clothes were not wet until he waded the river coming back with the officers, and they did not fit his feet to any tracks there in the sand; that he did not own or have possession of the still or any knowledge of it whatever until the officers took him to where it was. On cross examination he stated that he did not know the fellow that was with him when the officers started to follow them and did not know where he came from.

We deem it sufficient to say that on a careful examination of the record we find there was substantial evidence in support of the allegations of the information, and that under elementary rules the evidence is such that we cannot disturb the verdict.

The judgment of the lower court is therefore affirmed.

EDWARDS and DAVENPORT, JJ., concur.